# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

        Plaintiff,

vs.                                                      No. CV 18-00971 KG/SMV

CYFD,

        Defendant.

## ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

**THIS MATTER** is before the Court under 28 U.S.C. § 1915(b) on the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Loydale Kirven on November 11, 2018 (Doc. 3). The Court will deny the Application to Proceed and order Plaintiff to pay the full $400.00 filing fee within thirty (30) days of entry of this Order.

This is a civil rights proceeding under 42 U.S.C. § 1983. The filing fee for a § 1983 proceeding is $400.00. Plaintiff did not pay the $400.00 filing fee but, instead, filed his Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc.3). When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms

designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff Loydale Kirven has had three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See Loydale Kirven v. Tory Sandoval,* No. CV 14-00209 LH/RHS (Doc. 3). Plaintiff Kirven may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Neither his Application to Proceed (Doc. 3) nor his complaint (Doc. 1) indicate that he is in any imminent danger of serious physical injury. The Court will therefore deny Plaintiff leave to proceed pursuant to § 1915 and will order Plaintiff to pay the full $400.00 filing fee. If Plaintiff does not pay the $400.00 filing fee within the thirty day time period, the Court may dismiss this proceeding without further notice.

**IT IS ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **DENIED;** and

**IT IS FURTHER ORDERED** that Plaintiff Loydale Kirven pay the full $400.00 filing fee within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE