IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

        Plaintiff,

vs.                                                No. CV 18-00971 KG/SMV

CYFD,

        Defendant.

**MEMORANDUM OPINION AND ORDER DENYING
"MOTION TO PROCEED DEFICIENCE" AND ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(g). The Court denied Plaintiff Loydale Kirven leave to proceed *in forma pauperis* and ordered Kirven to pay the $400.00 filing fee. (Doc. 4). Kirven responded to the Court's Order by filing his Motion to Proceed Deficience. (Doc. 8). The Court denies Kirven's Motion and orders him to show cause why this case should not be dismissed for failure to comply with the Court's November 15, 2018, Order.

This is a civil rights proceeding under 42 U.S.C. § 1983. The filing fee for a § 1983 proceeding is $400.00. Plaintiff did not pay the $400.00 filing fee but, instead, filed his Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc.3). When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

1

lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff Loydale Kirven has had three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See Loydale Kirven v. Tory Sandoval,* No. CV 14-00209 LH/RHS (Doc. 3).[1] Plaintiff Kirven may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). As a consequence, on November 15, 2018, the Court denied Kirven's Application to Proceed in District Court Without Prepaying Fees or Costs and ordered Kirven to pay the full $400.00 filing fee for this proceeding within 30 days. (Doc. 4). Kirven's payment was due no later than December 17, 2018. (Doc. 4).

Kirven did not pay the filing fee as ordered by the Court. Instead, Kirven submitted his Motion to Proceed Deficience (Doc. 8). In his Motion, Kirven asks the Court to grant him leave

---

[1] CM/ECF records indicate that Loydale Kirven has filed a total of 16 civil cases in this District, none of which resulted in relief in his favor.

to proceed under § 1915(g) "due to imment danger and possible physical." (Doc. 8 at 1). Kirven claims:

> "While in Curry County Detention Center Plaintiff was assaulted by kitchen staff punching him twice, another incident is were Sgt Stamfield a Detention Officer called plaintiff a 'snitch' out loud in front of a whole POD."

(Doc. 8 at 1).

A prisoner who has accrued three strikes under § 1915(g) may only proceed by prepaying the full filing fee. The only exception to the prepayment requirement in § 1915(g) applies to a prisoner who "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a prisoner is required to make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011). The language of the statute requires that the prisoner allege an imminent danger at the time he filed his complaint. *See Hafed*, 635 F.3d at 1179–80; *Andrews v. Cervantes,* 493 F.3d 1047, 1053–54 (9th Cir.2007); *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003); *Malik v. McGinnis,* 293 F.3d 559, 562–63 (2d Cir.2002); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir.2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir.1999); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir.1998); *Baños v. O'Guin,* 144 F.3d 883, 885 (5th Cir.1998) (per curiam). Moreover, the imminent danger of serious physical injury must arise from the alleged actions of the named defendants in the case. *See White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

Plaintiff Kirven's alleges that, at some unspecified time in the past, kitchen staff punched him and a detention officer called him a snitch. These allegations do not constitute credible allegations of imminent danger either at the time he filed his Complaint or at present. Further, his Motion is not signed under penalty of perjury or supported by any sworn factual allegations. *White v. Colorado,* 157 F.3d at 1231-32. Last, even if he had made credible allegations of imminent

danger, Kirven's claims are against "CYFD," an agency of the State of New Mexico and are wholly unrelated to his incarceration or prison conditions. (Doc. 1). Instead, his Complaint alleges that CYFD induced his wife to divorce him and seeks damages against the State. (Doc. 1 at 2-3). Therefore, the asserted danger is not as a result of actions of the Defendant CYFD, and allowing him to proceed in this case would never afford him any relief from the alleged imminent danger. *Id.*[2] The Court will deny Plaintiff Kirven's Motion to Proceed Deficience.

The Court will also order Plaintiff Kirven to show cause why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's November 15, 2018, Order. More than 30 days has elapsed since entry of the Court's Order and Plaintiff has not paid the $400 filing fee. Under 28 U.S.C. §§ 1914(a) and 1915(g), the Court is required to collect the filing fee from the Plaintiff. Plaintiff was ordered to pay the fee within 30 days, but he has failed to do so. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The Court will Order Plaintiff Loydale Kirven to show cause within twenty-one (21) days of the date of entry of this Order why this proceeding should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the requirements of 28 U.S.C. §§ 1914 and 1915 and with the Court's November 15, 2018, Order. If Plaintiff does not show cause within twenty-one (21) days, the Court may dismiss this case without further notice.

**IT IS ORDERED** that the Motion to Proceed Deficience (Doc. 8) is **DENIED;** and

---

[2] The Court notes that Plaintiff Kirven has two pending civil rights case against the detention center and officials, but has not paid the filing fee or sought leave to proceed *in forma pauperis* in those cases and chose to submit his Motion to Proceed Deficience in this case, instead. *See Kirven v. Curry County Detention Center, et al.,* No. CV 18-01061 JB/KK and *Kirven v. Stanfill, et al.,* No. CV 18-01204 WJ/GJF.

**IT IS FURTHER ORDERED** that Plaintiff Loydale Kirven show cause, within 21 days of entry of this Order, why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's November 15, 2018, Order.

_____
UNITED STATES DISTRICT JUDGE