IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

        Plaintiff,

vs.                                                                               No. CV 18-00971 KG/SMV

CYFD,

        Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(g) on the handwritten Complaint filed by Plaintiff Loydale Kirven on October 15, 2018, (Doc. 1). The Court denied Plaintiff Loydale Kirven leave to proceed *in forma pauperis* and, on November 15, 2018, ordered Kirven to pay the $400.00 filing fee. (Doc. 4). Kirven did not pay the filing fee and the Court ordered him to show cause why this case should not be dismissed for failure to comply with the Court's November 15, 2018, Order. (Doc. 9). Kirven has not shown cause and the Court will dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b).

This is a pro se prisoner civil rights proceeding under 42 U.S.C. § 1983. Plaintiff Loydale Kirven has had at least three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See Loydale Kirven v. Tory Sandoval,* No. CV 14-00209 LH/RHS (Doc. 3).[1] Plaintiff Kirven may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). As

---

[1] CM/ECF records indicate that Loydale Kirven has filed a total of 16 civil cases in this District, none of which resulted in relief in his favor.

1

a consequence, on November 15, 2018, the Court denied Kirven's Application to Proceed in District Court Without Prepaying Fees or Costs and ordered Kirven to pay the full $400.00 filing fee for this proceeding within 30 days. (Doc. 4). Kirven's payment was due no later than December 17, 2018. (Doc. 4).

Kirven did not pay the filing fee as ordered by the Court. Instead, Kirven submitted his Motion to Proceed Deficience (Doc. 8). In his Motion, Kirven asked the Court to grant him leave to proceed under § 1915(g) "due to imment danger and possible physical." (Doc. 8 at 1). Kirven claims:

> "While in Curry County Detention Center Plaintiff was assaulted by kitchen staff punching him twice, another incident is were Sgt Stamfield a Detention Officer called plaintiff a 'snitch' out loud in front of a whole POD."

(Doc. 8 at 1). The Court determined that Plaintiff Kirven's allegations that, at some unspecified time in the past, kitchen staff punched him and a detention officer called him a snitch do not constitute credible allegations of imminent danger either at the time he filed his Complaint or at present. Further, his Motion is not signed under penalty of perjury or supported by any sworn factual allegations. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998). Last, even if he had made credible allegations of imminent danger, Kirven's claims are against "CYFD," an agency of the State of New Mexico and are wholly unrelated to his incarceration or prison conditions. (Doc. 1). Instead, his Complaint alleges that CYFD induced his wife to divorce him and seeks damages against the State. (Doc. 1 at 2-3). Therefore, the asserted danger is not as a result of actions of the Defendant CYFD, and allowing him to proceed in this case would never afford him any relief from the alleged imminent danger. *Id.*

The Court denied Plaintiff Kirven's Motion to Proceed Deficience and ordered Kirven to show cause why the case should not be dismissed for failure to comply with the Court's orders to

2

pay the filing fee. (Doc. 9). In response to the Court's Order to Show Cause, Kirven filed a "Motion to Show Cause" arguing that he should be allowed to proceed without paying the fee. (Doc. 10).

The filing fee for a § 1983 proceeding is $400.00. Federal statutes mandatorily require this Court to collect the filing fee. Specifically, "The clerk of each district court ***shall require*** the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . . ." 28 U.S.C. § 1914(a) (emphasis added). The Court may permit a prisoner to proceed without prepayment of the fee but only in compliance with the provisions of 28 U.S.C. § 1915. Plaintiff Kirven acknowledges that he has accrued three strikes under § 1915(g), but asks the Court to allow him to proceed with this case without paying the fee because he is a United States citizen and alleges his constitutional rights have been violated. (Doc. 10). However, the Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee. The three-strike rule of § 1915(g) states:

> ***In no event shall a prisoner bring a civil action*** or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915(g) (emphasis added). Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action" is non-discretionary and precludes this Court from allowing Plaintiff Kirven to proceed without paying the filing fee. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).[2]

---

[2] The Court notes that, even if this case could proceed forward, it would likely be dismissed for failure to state a claim and because the Defendant is immune from suit under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A.

Plaintiff Kirven has not paid the filing fee for this case and has not shown cause why the case should not be dismissed based on his failure to comply with the statutes and Court orders. Therefore, the Court will deny Kirven's Motion to Show Cause dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and failure to prosecute the case. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) (stating court may dismiss action under Rule 41(b) for failure to comply with rules of procedure or court orders).

IT IS ORDERED:

(1) Plaintiff Loydale Kirven's Motion to Allow Jury Trial filed November 26, 2018, (Doc. 7) is DENIED as moot in light of the Court's dismissal of this case;

(2) Plaintiff Loydale Kirven's Motion to Show Cause (Doc. 10) is DENIED; and

(3) the handwritten Complaint filed by Plaintiff Loydale Kirven on October 15, 2018, (Doc. 1) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE