# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

        Plaintiff,

vs.                                                                                                      No. CV 18-00971 KG/SMV

CYFD,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING "MEMORANDUM REPLY OF DISMISSAL"

**THIS MATTER** is before the Court on the Memorandum Reply of Dismissal filed by Plaintiff Loydale Kirven on February 13, 2019. (Doc. 13). The Court construes Kirven's Memorandum Reply as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and will deny the motion.

On November 15, 2018, the Court denied Plaintiff Loydale Kirven leave to proceed *in forma pauperis* and ordered Kirven to pay the $400.00 filing fee. (Doc. 4). When Kirven did not pay the filing fee, the Court ordered him to show cause why this case should not be dismissed for failure to comply with the Court's November 15, 2018, Order. (Doc. 9). Kirven did not show cause for his failure to pay the fee or comply with the Court's Order. As a result, the Court dismissed this proceeding without prejudice under Fed. R. Civ. P. 41(b) and entered Judgment on January 30, 2019. (Doc. 11, 12). Kirven then filed his Memorandum Reply on February 13, 2019. (Doc. 13).

Plaintiff Kirven filed the Memorandum Reply within twenty-eight days after entry of Judgment and the Court treats it as a timely motion to alter or amend judgment under Fed.R.Civ.

P. 59(e). Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In his Memorandum Reply, Kirven asks that the Court grant a "continuance" of the case, rather than dismissing it. (Doc. 13 at 1). He does not offer any explanation as to why a continuance is necessary, nor does he indicate how long a continuance would be needed in this case. Instead, he claims that dismissal is "too harsh" because his rights have been clearly violated. (Doc. 13 at 1-2). Last, he cites to law that no person should be denied the right to proceed due to poverty. (Doc. 13 at 2). However, he does not offer any facts supporting his allegation of poverty, nor does he explain why he should be allowed to proceed despite his non-compliance with the three-strike provisions of 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

This is one of ten cases filed by Plaintiff Loydale Kirven that have been dismissed by this Court for Kirven's failure to pay any portion of the filing fee or to comply with the requirements of 28 U.S.C. § 1915. *See Kirven v. Central New Mexico Correctional Facility,* No. CV 08-00878 BB/ACT; *Kirven v. Curry County Sheriff's Department,* No. CV 12-01277 RB/CG; *Kirven v. Curry County Detention Center,* No. CV 14-00209 LH/RHS; *Kirven v. Curry County Detention Center,* No. CV 15-00080 JB/KK; *Kirven v. Garret*, No. CV 16-01100 JCH/KRS; *Kirven v. Sgt. Garcia,* No. CV 16-01333 RB/GJF; *Kirven v. Maples*, No. CV 16-01361 KG/LF; *Kirven v. Curry*

*County Detention Center,* No. CV 19-00078 MV/JFR; and *Garcia, Kirven, and Baca v. CCS Solutions,* No. CV 19-00321 KG/SCY.[1]  Kirven's Memorandum Reply does not present any intervening change in the controlling law, does not raise any new evidence previously unavailable, and does not establish the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948.  The Court will deny Kirven's request to reconsider its dismissal of this case.

**IT IS ORDERED** that the Memorandum Reply of Dismissal filed by Plaintiff Loydale Kirven (Doc. 13), which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] CM/ECF records indicate that Loydale Kirven has filed at least 16 civil cases in this District, none of which resulted in relief in his favor.